**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES O. MBOYA,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, STATE BOARD OF EXAMINERS,<br><br>Defendant. | Civil Action No. 14-853 (JLL) (JAD)<br><br>OPINION |

**LINARES,** District Judge.

Plaintiff James O. Mboya ("Plaintiff"), proceeding *pro se*, seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court grants Plaintiff's application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Having reviewed Plaintiff's allegations, the Court concludes that dismissal of his Complaint is required by 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I.   BACKGROUND[1]**

On an unspecified date, unspecified charges were filed against Plaintiff in the Superior Court of New Jersey, Hudson County. (Compl. ¶ 2, ECF No. 1). After a trial, on May 19, 2005, Plaintiff was found not guilty of these charges. (*Id.*). However, because Plaintiff required medical attention, the Superior Court ordered the hospitalization of Plaintiff for the treatment of an unspecified illness. (*Id.*). He remained hospitalized until November 19, 2010. (*Id.* at ¶ 3). On that date, after determining that Plaintiff no longer posed a danger to himself or others, the

---

[1] The facts set forth herein are taken from Plaintiff's Complaint, and are accepted as true at this time.

1

Superior Court ordered the hospital to release him. (*Id.*). Plaintiff continues to receive therapy and medication, which is administered by two court-appointed agencies, CBH Care, Inc. and Advance Housing, Inc. (*Id.* at ¶ 4). According to his current doctor and therapist, his illness is now in remission. (*Id.*).

On an unspecified date, the State Board of Examiners of the New Jersey Department of Education (the "Board") refused to certify Plaintiff as a substitute teacher because of the aforementioned charges filed against him in the Superior Court. (*Id.* at ¶¶ 2, 6). In doing so, Plaintiff alleges that the Board violated Titles I and II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12132. (*See id.* at ¶ 1). Plaintiff requests that this Court order the New Jersey Department of Education to certify him as a substitute teacher. (*Id.* at ¶ 10).

## II.   LEGAL STANDARD

After a court decides that a *pro se* plaintiff may proceed *in forma pauperis*, the court must then "screen" the complaint to determine, among other things, if it states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint states a claim for relief if it contains: (1) "a short and plain statement of the grounds of the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Relatedly, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be plausible, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In screening a *pro se* complaint, the court must construe the complaint liberally, holding it "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must also "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). In determining the complaint's sufficiency, the court must "accept as true all of the [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted). The court need not, however, credit the complaint's "bald assertions" or "legal conclusions." *Id.* (citations omitted).

While the Third Circuit has adopted a liberal approach to the amendment of pleadings, leave to amend should not be permitted if amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). The Court now applies this standard to Plaintiff's Title I and Title II ADA claims in turn.

### III. DISCUSSION

#### A. Whether Plaintiff's Cause of Action Predicated on Title I of the ADA States a Claim on Which Relief May be Granted

Title I of the ADA provides:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). To plead a claim under Title I of the ADA, Plaintiff must allege facts making it plausible that he "(1) has a 'disability,' (2) is a 'qualified individual,' and (3) has

3

suffered an adverse employment action because of that disability." *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006) (citations omitted). Even if Plaintiff has a disability, Plaintiff's Complaint does not allege the latter two elements.

With regard to the second element, it is unclear from Plaintiff's Complaint whether he is a "qualified individual." The ADA defines a "qualified individual" as one "who, with our without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In general, "essential functions" are "the fundamental job duties of the employment position the individual with a disability holds or desires. The term . . . does not include the marginal functions of the position." 29 C.F.R. 1630.2(n)(1). Plaintiff's Complaint does not allege facts suggesting what the fundamental job duties of a substitute teacher are, nor does it allege facts suggesting that Plaintiff could perform those duties with or without reasonable accommodation.

With regard to the third element, Plaintiff's Complaint does not allege that the Board refused to certify him as substitute teacher because of his disability. Instead, Plaintiff's Complaint explicitly alleges that the Board "based its decision because of [his] charges in Hudson County court." (Compl. ¶ 6). Because Plaintiff has failed to allege the second and third elements of a Title I ADA claim, the Court dismisses that claim without prejudice.

    B.    <u>Whether Plaintiff's Cause of Action Predicated on Title II of the ADA States a Claim on Which Relief May be Granted</u>

Title II of the ADA provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

4

42 U.S.C. §12132. To plead a claim under Title II of the ADA, Plaintiff must allege facts suggesting that "(1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Russo v. Ryerson*, No. 01-4458, 2006 WL 477006, *19 (D.N.J. Feb. 28, 2006) (Linares, J.) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 118 F. Supp. 2d 494, 511 (D.N.J. 2000)). As discussed above, Plaintiff's Complaint does not allege facts suggesting that he is a qualified individual nor does it allege that the Board refused to certify him as a substitute teacher by reason of his disability. As such, Plaintiff's Title II ADA claim does not satisfy the above first and fourth elements. Accordingly, the Court dismisses that claim without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint without prejudice.

An appropriate Order follows.

DATED: 2 of June, 2014

JOSE L. LINARES
U.S. DISTRICT JUDGE

5